**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ARTHUR JOYAL BARKER** | ) | |
| | ) | |
| v. | ) | 3-07-CV-1321-N |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the EasthamUnit of the Texas Department of Criminal Justice, Correctional Institutions Division at Lovelady, Texas, serving a conviction for the offense of aggravated robbery.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Petitioner pled guilty to the offense of aggravated robbery as charged in the indictment returned in Cause No. F-04-35305-MU. He also entered pleas of true to two prior convictions identified by the prosecution to enhance the range of punishment. Thereafter a jury was selected to assess the punishment to be imposed. On March 1, 2005, the jury assessed Barker's punishment at a term of 80 years imprisonment.

He effected a direct appeal from his conviction which was affirmed in an opinion delivered by the Fifth Court of Appeals at Dallas on February 7, 2006. His petition for discretionary review was refused by the Texas Court of Criminal Appeals on June 28, 2006. Thereafter he filed an application for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure, which was denied by the Court of Criminal Appeals on June 13, 2007, based upon the findings of the trial court without a hearing. He then filed the present petition on July 25, 2007 - the date on which he placed his petition in the prison mail system. In response to this court's show cause order Respondent filed his answer together with copies of Barker's prior state pleadings. Barker in turn filed a "rebuttal" to the answer on December 12, 2007.

**Findings and Conclusions**: Barker's first ground asserts that his trial attorney operated under a conflict of interest because Barker was unable to pay the $5000.00 which the attorney demanded. The state trial court made no finding as to whether the attorney made such a demand, but did find that Barker did not file a motion in the court records to determine whether a conflict existed. No. WR-67,592-01, at 084 ¶¶ 2 and 3. Unless the record shows that an attorney represented multiple defendants with conflicting defenses in which prejudice is presumed, a lawyer's "self-interest" does not present a *per se* constitutional violation. Rather such a circumstance may raise a colorable claim of ineffective assistance of counsel to be decided under the test set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). *See e.g. Beets v. Scott*, 65 F.3d 1258, 1271-73 (5th Cir. 1995) (*en banc*), cert. denied 517 U.S. 1157, 116 S.Ct. 1547 (1996).

In his fifth ground Petitioner specifically asserts an ineffective assistance of counsel claim. In his answer Respondent has listed the acts and omissions which Barker claims demonstrate that his trial attorney's representation failed to comply with Sixth Amendment requirements. *See* answer

2

at pages 4-5, ¶ 1.a.-l. Among the claims asserted Respondent argues that many are unexhausted. Exhaustion requires that the same *facts* and legal theory upon which federal habeas relief is sought have been "fairly presented" to the state courts. *See Picard v. Conner*, 404 U.S. 270, 275-77, 109 S.Ct. 1060 (1971).

Although Barker pursued a direct appeal and sought a petition for discretionary review in the Texas Court of Criminal Appeals, no ineffective assistance of counsel was raised until he filed his art. 11.07 application in No. WR-67,592-01. Accordingly, the court looks to this collateral attack on his conviction in determining whether the exhaustion requirement of § 2254(b)(1)(A) has been satisfied. Of the twelve discrete shortcomings of Barker's trial attorney listed in his answer, *supra*, Respondent claims that nine are unexhausted. A comparison of his art. 11.07 application to his pleadings filed in this § 2254 petition confirms that the following factual allegations in his federal petition were not presented in the art. 11.07 proceedings:

1. Failing to object to admission of prior convictions in Petitioner's pen packet.
2. Advising Petitioner to enter an "open-plea' rather than accepting a 25 year plea offer.
3. Failing to object to the indictment.
4. Failure to object to prior convictions.
5. Failing to make objections with respect to prior convictions and coercion.
6. Failing to offer threatening letter sent by a co-defendant.
7. Failing to conduct pre-trial discovery.
8. Failing to provide Petitioner with medical records regarding his mental status.
9. Failing to present evidence of Petitioner's mental impairment/incompetence.

Therefore, relief on these claims may not be granted in this petition. Further, the Texas courts'

3

abuse of the writ doctrine constitutes an independent and adequate procedural bar to merits review of these claims. All of the alleged deficiencies attributed to Barker's trial attorney took place prior to the conclusion of his trial. While such claims probably could not have been addressed in the context of his direct appeal, there clearly exists no basis for having withheld them from his art. 11.07 application filed on January 8, 2007. Therefore, any subsequent art. 11.07 application containing such claims would be dismissed, *see* art. 11.07, § 4, procedurally barring any federal habeas corpus review. *See Coleman v. Thompson*, 501 U.S. 722, 729-30, 111 S.Ct. 2546 (1991); *see also Emery v. Johnson*, 139 F.3d 191, 195-96 (5th Cir. 1997) and *Kunkle v. Dretke*, 352 F.3d 980, 988-89 (5th Cir. 2003) cert. denied 543 U.S. 835, 125 S.Ct. 260 (2004).

The remaining claims relating to his trial attorney's representation which were presented to the Texas state courts in his art. 11.07 application are governed by the *Strickland* test, which requires that a habeas petitioner establish that an attorney's conduct fell below the minimum, objective standard of competency required by the Sixth Amendment and that but for such unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington, supra,* at 687-88, 104 S.Ct. at 2065 and at 691, 104 S.Ct. at 2067. In order to establish "prejudice" in the context of a guilty plea a petitioner must prove that but for the attorney's errors, he would not have pleaded guilty and would have insisted on a going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985).

As noted above, his "conflict of interest" claim is governed by *Strickland*. Aside from the absence of anything to corroborate Barker's assertion that a demand for money was made, he has failed to allege or prove that he would have pleaded not guilty and demanded a trial. To the contrary, while testifying under oath Petitioner related that his attorney had gone over the case with

4

him in great detail, that he had elected to reject the State's 50-year plea offer and to throw himself on the mercy of the jury, that the attorney and his investigator had done everything that Barker requested, and that he was fully satisfied with his attorney's work. *See* No. F-04-35305-MU, Reporter's Record Vol. 2 at 7-9.

Petitioner's contention that he asked his counsel to have a psychological examination is refuted by his own testimony in state court. Further, the trial court found as matters of fact that he was competent at the time of his guilty plea and that Scott Bryant's affidavit denying that Barker ever requested a competency hearing was trustworthy. *See* No. WR-67,592-01, at 084-87. These findings are presumed to be correct. § 2254(e)(1).

His claim that counsel should have removed a biased person from the jury venire fails to raise a cognizable ineffective assistance of counsel claim. The individual, Gregory Tucker, was himself a victim of an armed robbery. *See* No. F-04-35305-U, Reporter's Record, Vol. 3 at 59-60. He was the foreman of the petit jury. *Id.* at 70. Tucker testified that he could be fair to Barker and would not be influenced by his own experience in assessing his punishment. The presumption of competence which applies to the actions of an attorney has not been rebutted.

In his second ground for relief Petitioner claims that his prior conviction which was over ten years old could not be used to enhance the range of punishment. In his third ground he claims that the enhancement charge was defective because it included a prior felony conviction which was not included in the grand jury's indictment. These grounds present issues of state law only and neither involves an application of, clearly established Federal law, as determined by the Supreme Court of the United States. *See* No. WR-67,592-01 at 085-86, ¶¶ 10 and 11; No. 05-05-00515-CR [F-04-35305-MU], Record, Vol. One at 14, and Tex.P.C.Ann. § 12.42(d).

5

In his fourth ground Barker complains of the state trial court's handling of his art. 11.07 application.[1] Specifically he claims the state district court failed to rule on his reply to the state's response to the application filed by the district attorney and failed to rule on his requests to supplement the record, to wit: *See* No. WR-67,592-01 at 112.133. He has cited no decision of the United States Supreme Court which holds that errors of a state court in addressing issues presented in collateral proceedings are cognizable in a §2254 petition. On the other hand the Fifth Circuit has repeatedly held that such claims do not state a basis for federal habeas relief. *See e.g. Henderson v. Cockrell*, 333 F.3d 542, 606 (5th Cir. 2003) cert. denied 540 U.S. 1163 (2004); *Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.) cert. denied 534 U.S. 1001 (2001).

In his seventh ground he claims that his trial attorney violated a Texas State Bar Canon in allegedly refusing to return materials in the attorney's files relating to his representation of Barker. This claim is not cognizable in a § 2254 proceeding. Further, it appears that there was no basis for any disciplinary action. *See* letters dated February 22, 2007 and April 4, 2007, from the Office of the Chief Disciplinary Counsel and the Board of Disciplinary Appeals, respectively, which are included as exhibits to Barker's memorandum of law filed with his petition.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be in all things denied and

---

[1] Although it is less than clear, it may be that a similar assertion is made in his sixth ground. However, to the extent that his sixth ground may also constitute an ineffective assistance of counsel claim, it is addressed above and is without merit.

dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 24th day of January, 2008.

*Wm. F. Sanderson, Jr.*

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.